IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ARNOLD ARMENTA,**

       **Petitioner,**

      **v.**                                          **No. CV 10-806 MCA/LAM**

**GEORGE TAPIA, et al.,**

       **Respondents.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Petitioner Arnold Armenta's 28 U.S.C. § 2254 petition [*Doc. 1*], filed August 24, 2010. Mr. Armenta is incarcerated and proceeding *pro se*. [*Doc. 5*]. Respondents filed their answer to the petition on October 8, 2010. [*Doc. 8*]. United States District Judge M. Christina Armijo referred the claims raised in the petition to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 4*]. Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that the claims raised in Mr. Armenta's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1)* be **DENIED** because they are without merit and that this case be **DISMISSED with prejudice**.

Because the issues in this case can be resolved on the record before the Court, the Court **FINDS** that an evidentiary hearing is unnecessary. *See Anderson v. Attorney General of Kansas*,

---

[1] **Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

425 F.3d 853, 858-59 (10th Cir. 2005) (evidentiary hearing unnecessary if § 2254 habeas claim can be resolved on the record).

## *I. Factual and Procedural Background*

On February 19, 2008, a jury found Mr. Armenta guilty of one count of criminal sexual penetration in the first degree (child under 13), in violation of N.M.S.A. 1978 § 30-9-11(A) and (C), and eighteen counts of criminal sexual contact of a minor in the second degree (child under 13), in violation of N.M.S.A. 1978 § 30-9-13(B). [*Doc. 8-1*, Exhibit A at 1-3] (Judgment, Sentence and Order Determining Habitual Offender Status entered in the state district court). On April 25, 2008, Mr. Armenta was sentenced to nineteen years on Count 1, including a one-year enhancement pursuant to the Habitual Offender Act, and nine years for each of the other eighteen counts, with each count to run consecutively, with the final six years for each of Counts 2 through 19 suspended. *Id.* at 4. Mr. Armenta's total term of incarceration is seventy-three years. *Id.* Upon completion of imprisonment, Mr. Armenta is subject to release under parole for five to twenty years on each count. *Id.*

Mr. Armenta appealed his conviction to the New Mexico Court of Appeals ([*Doc. 8-1*, Exhibits C (Notice of Appeal) and D (Docketing Statement)]), and on November 24, 2008, the New Mexico Court of Appeals issued a Memorandum Opinion and Order affirming Mr. Armenta's conviction ([*Doc. 8-1*, Exhibit G]). On November 25, 2008, Mr. Armenta filed a petition for writ of certiorari with the New Mexico Supreme Court regarding the Court of Appeals' opinion. [*Doc. 8-1*, Exhibit H]. The New Mexico Supreme Court denied his petition for writ of certiorari on January 15, 2009. [*Doc. 8-1*, Exhibit I]. On December 10, 2009, Mr. Armenta filed a *pro se* petition for a writ of habeas corpus ([*Doc. 8-1*, Exhibit K]), which was summarily dismissed by the state

district court on the same day ([*Doc. 8-1*, Exhibit L]).  On August 24, 2010, Mr. Armenta filed his petition for federal habeas relief in this Court, initiating this proceeding.  [*Doc. 1*].

## *II.  Mr. Armenta's Section 2254 Claims*

In his petition, Mr. Armenta raises four grounds for relief: (1) that there was insufficient evidence with which to convict him [*Doc. 1* at 5]; (2) that his speedy trial rights were violated (*id.* at 7); (3) that favorable evidence was not presented at his trial (*id.* at 8); and (4) that his trial counsel failed to subpoena witnesses, and it "seemed to [Mr. Armenta] as if counsel was falling asleep" (*id.* at 10).  Mr. Armenta asks the Court to reverse his conviction and/or grant him a new trial.  *Id.* at 15.

In their response, Respondents contend that: (1) the petition should be summarily dismissed because Mr. Armenta procedurally defaulted claims two, three and four by failing to timely file for certiorari review with the New Mexico Supreme Court; and (2) the petition is time-barred because of delays in seeking post-conviction relief.  [*Doc. 8* at 1-2].  In addition, Respondents argue that Mr. Armenta fails to show that the state court proceedings either resulted in a decision that was contrary to, or involved an unreasonable application of, federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  *Id.* at 13 (citations omitted).  Respondents also assert that Mr. Armenta has not offered clear and convincing evidence to overcome the presumption of correctness applied to state court factual determinations pursuant to 28 U.S.C. § 2254(e)(1).  *Id.* at 14.  Respondents ask the Court to dismiss the petition.  *Id.* at 15.  Mr. Armenta did not file a reply to Respondents' response.

In reviewing a *pro se* litigant's complaint, courts apply the same legal standards applicable to pleadings drafted by counsel but liberally construe the allegations.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted); *Northington v. Jackson*,

973 F.2d 1518, 1520–21 (10th Cir. 1992). Despite liberal construction of a *pro se* litigant's pleadings, however, courts cannot "assume the role of advocate" for him. *Hall*, 935 F.2d at 1110. Courts "are not required to fashion Defendant's arguments for him where his allegations are merely conclusory . . . and without supporting fact[s]." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110. Because Mr. Armenta is a *pro se* litigant, the Court construes his allegations in his petition liberally.

### *III. AEDPA's One-Year Limitation Period*

Respondents contend that the petition should be dismissed because it is time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A). [*Doc. 8* at 11].[2] Respondents state that the one-year time limitation under Section 2244 to file a Section 2254 petition began to run on April 15, 2009, which was ninety days after the entry of the order dismissing Mr. Armenta's petition for writ of certiorari to the New Mexico Supreme Court regarding the New Mexico Court of Appeals' decision affirming his conviction. [*Doc. 8* at 11-12]. Respondents state that the time period was tolled for thirty (30) days when Mr. Armenta filed a state petition for writ of habeas corpus on December 10, 2009 [*Doc. 8-1*, Exhibit K], and the time period then began to run again on January 12, 2009, the day after Mr. Armenta's deadline to file a petition for writ of certiorari to the New Mexico Supreme Court for review of the denial of his habeas corpus petition. [*Doc. 8* at 12]. Because Mr. Armenta did not file his Section 2254 petition until August 24, 2010, Respondents argue that the petition was filed

---

[2]Because the issue of whether Mr. Armenta's petition is untimely may result in the Court recommending that his petition be dismissed and, thereby, preclude review of the issue of whether his claims are procedurally defaulted or fail on the merits, the Court will consider this issue first.

ninety-nine days after the one-year limitations period under Section 2244 expired, and should be dismissed because it is time-barred. *Id.* at 13.

The provisions of 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (hereinafter, "AEDPA"), govern this case. AEDPA provides a one-year statute of limitations for habeas corpus petitions filed by state petitioners. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant ws prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court an made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). There is no indication that options (B)-(D) apply in this case, so Mr. Armenta's limitation period falls under subparagraph (A).

On January 15, 2009, the New Mexico Supreme Court dismissed Mr. Armenta's petition for writ of certiorari regarding the direct appeal of his judgment. [*Doc. 8-1*, Exhibit I]. Mr. Armenta then had ninety days in which to file a petition for writ of certiorari with the United States Supreme Court (U.S. Sup. Ct. Rule 13, 28 U.S.C. A.), but he did not do so. Therefore, Mr. Armenta's state court judgment became final under Section 2244(d)(1)(A) on April 16, 2009, because that was the day after the expiration of time for seeking review of his judgment. *See United States v. Hurst*,

322 F.3d 1256, 1261 (10th Cir. 2003) (explaining that the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A) begins to run on the day after expiration of the time seeking review). Mr. Armenta, therefore, had until April 16, 2010 in which to file his § 2254 petition. The one-year period of limitation, however, is tolled, *i.e.*, not counted toward any period of limitation, for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Assuming, for purposes of these proposed findings and recommended disposition, that Mr. Armenta's state habeas corpus petition [*Doc. 8-1*, Exhibit K] was timely filed with the New Mexico district court, statutory tolling would extend the one-year limitation for thirty-one days, from December 10, 2009, the date it was filed, to January 11, 2010, the last day on which Mr. Armenta could have filed a petition for writ of certiorari with the New Mexico Supreme Court seeking review of the denial of his state habeas corpus petition [*Doc. 8-1*, Exhibit L]. *See* Rule 12-501(B) NMRA. Starting the one-year limitation period again on January 12, 2010, Mr. Armenta had until May 17, 2010, to file this action (i.e., the original deadline of April 16, 2010 was extended by the 30-day tolling period to May 17, 2010). Because Mr. Armenta did not file this action until August 24, 2010, his petition was untimely by ninety-nine days.

While the one-year limitation period may be subject to equitable tolling, such tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control" (*Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citations omitted)), and is appropriate "only in rare and exceptional circumstances" (*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations and

internal quotation marks omitted)).[3] The petitioner has the burden of demonstrating that equitable tolling should apply. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (refusing to apply equitable tolling because the petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"). While Mr. Armenta states that he did not file a petition for writ of certiorari with the New Mexico Supreme Court, and instead sent a writ to the attorney general [*Doc. 1* at 5, 6, 8, 9, 10, 11], this does not constitute an extraordinary circumstance beyond Mr. Armenta's control that prevented him from timely filing his Section 2254 petition. *See Yang v. Archuleta*, 525 F.3d 925, 928-30 and n.7 (10th Cir. 2008) (discussing many circumstances that do not justify equitable tolling, including learning disabilities, unskilled in the English language, illiteracy, ignorance of the law, lack of legal assistance, and counsel's failure to disclose the time requirements). In addition, Mr. Armenta failed to provide a response to paragraph 18 in his Section 2254 petition, which states: "If your judgment of conviction became final over one year ago, you must explain [why] the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." [*Doc. 1* at 13-15]. Because Mr. Armenta has failed to make any showing that he would be entitled to equitable tolling beyond the 30-day period following the filing of his state habeas petition, the Court finds that his petition was untimely and all of his claims are time-barred by the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A). Because the Court has determined that Mr. Armenta's petition is time-barred, it declines to decide the exhaustion issue or Mr. Armenta's claims on the merits. *See Padilla v. Hatch*, No. 07-2262, 269 Fed. Appx. 855, 856, 2008 WL 732108 (10th Cir. March 18, 2008) (unpublished) (holding that

---

[3] The United States Supreme Court has not expressly decided the question of whether equitable tolling is applicable to AEDPA's statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005).

the district court was correct to find that the petitioner's claims were barred as untimely, and declining to address the merits of his claims).

## **RECOMMENDED DISPOSITION**

For the foregoing reasons, the undersigned recommends that the claims in Mr. Armenta's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1)* be **DENIED**, and that this case be **DISMISSED WITH PREJUDICE**.

*Lourdes a. Martinez*
**LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**